IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS L. HEARST,

                              Plaintiff,

                                              CIVIL ACTION
          vs.                                 No. 04-3129-SAC

MARK KEATING, et al.,

                              Defendants.


ORDER

     Plaintiff proceeds pro se on a complaint, as later amended, filed under 42 U.S.C. § 1983 while plaintiff was incarcerated in Lansing Correctional Facility in Lansing, Kansas.  Plaintiff seeks damages from Parole Officer Keating and Parole Hearing Officer Cragg for their alleged violation of plaintiff's rights to due process in proceedings related to the revocation of plaintiff's parole in 2000 by the Kansas Parole Board (KPB).  After reviewing the amended complaint, the court directed plaintiff to show cause why this action should not be dismissed without prejudice because plaintiff's claims for damages were barred by Heck v. Humphrey, 512 U.S. 477 486-87 (1994).

     In response, plaintiff clarifies that he is not trying to invalidate his parole revocation, and contends Heck does not apply because a favorable decision on his claims would not result in his release and he is no longer confined pursuant to the sentence imposed in the revocation proceeding at issue.  Instead, plaintiff now identifies the purpose of this action as one to require Officers Keating and Cragg to provide the full and true facts and reasons related to the revocation of plaintiff's parole in 2000, and claims

he has a right to an accurate record being presented for future parole considerations. Having reviewed the record, the court concludes the petition should be dismissed.

To the extent plaintiff seeks relief based on allegations that defendants presented biased and incomplete information to the KPB to effect the revocation of plaintiff's parole, and that no revocation would have been ordered if plaintiff's record before the KPB had been accurate and complete, then Heck operates to bar such relief until plaintiff can demonstrate the revocation of his parole in 2000 had been invalidated. *See* Heck, 512 U.S. at 479; Crow v Penry, 102 F.3d 1086, 1087 (10th Cir. 1996). Plaintiff clearly attempted to overturn that revocation at the time through a state habeas action in which he alleged the violation of his rights to due process. Plaintiff's failure to secure relief, including his procedural default in his state court appeal, does not now entitle him to relief from the favorable termination rule in Heck simply because habeas relief is thereby no longer available.

Even if Heck does not apply as plaintiff contends, then the claims plaintiff asserted in this action filed in 2004, based on the alleged wrongdoing by defendants in 2000, would be barred by the two year limitations period applicable to such claims. *See* Wilson v. Garcia, 471 U.S. 261, 266-67 (1985)(federal courts to look to state law for appropriate period of limitations in cases filed under 42 U.S.C. § 1983); Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations in K.S.A. 60-513 applies to civil rights actions brought pursuant to 42 U.S.C. § 1983).

Finally, to the extent plaintiff clarified or modified the course of this action by claiming he is being denied an accurate and complete record for future review by the KPB, the court finds no claim for relief is stated.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff alleges he was denied due process, thus the threshold question thus is whether a liberty interest is implicated because due process protections apply only when a person has a "legitimate claim of entitlement." Greenholtz v. Inmates of Neb. Penal & Correctional Complex, 442 U.S.1, 7 (1979).

Plaintiff has no liberty interest in parole through the Due Process clause itself. See id. ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Nor does he have a liberty interest created by Kansas statutes. See Gilmore v. Kansas Parole Board, 243 Kan. 173, 179-80 (Kansas law creates no liberty interest in parole), cert. denied 488 U.S. 930 (1988).

Nonetheless, plaintiff cites Paine v. Baker, 595 F.2d 197 (4th Cir.), cert. denied, 444 U.S. 925 (1979), as recognizing that an inmate might state a claim of constitutional dimension where it can be alleged that (1) certain information is contained in his file, (2) the information is false, and (3) the information was relied upon in a constitutional significant way. Id. at 201. Even if the court were to assume the first two standards were met, Paine is of

little help because plaintiff cannot satisfy the third requirement. Plaintiff has no protected liberty interest in being released on parole, thus KPB's consideration of any erroneous or incomplete information in plaintiff's record when reviewing plaintiff's suitability for release on parole would not constitute a "constitutionally significant reliance" on such information. As the court warned in <u>Paine</u>, an inmate cannot "simply set out the true facts and demand assurances that the information in the file comports with those facts." <u>Id</u>.

Accordingly, for the reasons stated herein, the court concludes the complaint should be dismissed as stating no claim for relief. *See* 28 U.S.C. 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 10th day of August 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge